*Balogh v H.R.B. Caterers,* 88 AD2d 136, 140-141; *Bruce v Hospital for Special Surgery,* 34 AD2d 963, 964; *cf. J.C.S. Design Assoc. v Vinnik,* 85 AD2d 572). (Appeal from order and judgment of Supreme Court, Steuben County, Purple, J.—continuance.) Present—Dillon, P. J., Hancock, Jr., Callahan and Green, JJ.

■ VANDERLINDE ELECTRIC CORPORATION, Respondent, v CITY OF ROCHESTER, Appellant.—Order unanimously affirmed, with costs, for the reasons stated in memorandum decision at Special Term, Boehm, J. (Appeal from order of Supreme Court, Monroe County, Boehm, J.—amend complaint.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of BEATRICE A. RAUX, Petitioner, v CHICAGO PNEUMATIC TOOL COMPANY, Respondent.—Determination unanimously confirmed and petition dismissed, without costs *(see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ In the Matter of KAREN W. BASHER et al., Respondents, v TOWN OF EVANS et al., Appellants, and MARK W. HAMBERGER et al., as Town Justices of the Town of Evans, Respondents. (Appeal No. 1.)—Judgment unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: On this appeal from a judgment granting the CPLR article 78 petition of Basher and Austin, which, *inter alia,* reinstated them to their former posts as clerks to the Evans Town Justices, we find that the issue of whether the discharge of petitioners was politically motivated in violation of petitioners' constitutional rights is a sharply disputed issue of fact *(see, Elrod v Burns,* 427 US 347; *Matter of McBride v Griffin,* 62 AD2d 520). The court below therefore erred in failing to order a fact-finding hearing on this issue, pursuant to CPLR 7804 (h).

Upon remittitur, the court below must order joined as necessary parties all persons whose jobs might be jeopardized by reinstatement of petitioners *(see, Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.,* 99 AD2d 836). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—art 78.) Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ In the Matter of KAREN W. BASHER et al., Respondents, v TOWN OF EVANS et al., Appellants, and MARK W. HAMBERGER et al., as Town Justices of the Town of Evans, Respondents. (Appeal No. 2.)—Appeal unanimously dismissed as academic. (Appeal

from order of Supreme Court, Erie County, Marshall, J.—art 78.)
Present—Dillon, P. J., Hancock, Jr., Callahan, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER HERLOSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim that the defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]) violates due process guarantees has not been preserved for review. Were we to reach the merits, we would reject the claim. Defendant argues that because this "defense" is in the nature of a plea in mitigation, i.e., a plea of confession and avoidance, rather than a true defense, the effect of asserting a claim of extreme emotional disturbance is to deprive him of the right to the presumption of innocence and the right against self-incrimination, i.e., that the present statutory scheme requires a defendant in effect to confess to the crime and then to make a plea for leniency before the case is submitted to the jury. Defendant overlooks the crucial fact that the defense of extreme emotional disturbance is not constitutionally required. "Absent the affirmative defense, the crime of murder or manslaughter could legislatively be defined simply to require an intent to kill, unaffected by the spontaneity with which that intent is formed or the provocative or mitigating circumstances which should legally or morally lower the grade of crime." *(People v Patterson,* 39 NY2d 288, 305, *affd* 432 US 197 [Breitel, Ch. J., concurring].) The defendant is not required to assert the defense of extreme emotional disturbance and may always put the People to the test of proving guilt beyond a reasonable doubt to the trier of fact without compromising in any way either the presumption of innocence or the right against self-incrimination. The statute merely allows him an option to choose to avail himself of a defense in mitigation and to make a plea for leniency. While the Legislature could establish a bifurcated trial for the purposes of separately establishing guilt and mitigation, it is not required to do so as an element of due process. In our view, the affirmative defense does not shift the burden of proof from the People *(see, People v Patterson,* 39 NY2d 288, *supra)* and the statute is not void for vagueness *(see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842). Finally, on this record, the Trial Judge was entitled to conclude after a bench trial that defendant was guilty and failed to meet his burden of proving the affirmative defense by a preponderance of the evidence. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—attempted murder, second degree.) Present —Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp, JJ.